**William J. Finch, Jr., Appellee, v. The Macoupin Telephone and Telegraph Company et al., Appellants.**

CORPORATIONS—*what by-law relating to transfer of corporate stock invalid.* A by-law of a corporation having for its object the prohibition of the transfer of its stock or certificates therefor without the consent of the president or the board of directors, is in restraint of trade and therefore void.

Bill in chancery. Appeal from the Circuit Court of Macoupin

county; the Hon. JAMES A. CREIGHTON, Judge presiding. Heard in this court at the May term, 1908. Affirmed. Opinion filed November 24, 1908.

ANDREW J. DUGGAN and EDWARD C. KNOTTS, for appellants.

BELL & BURTON, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

William J. Finch, Jr., filed his bill in the Circuit Court of Macoupin county against appellants in which it was in substance set up that said Finch was a stockholder in the Macoupin Telephone & Telegraph Company, which corporation was organized under the laws of the state of Illinois to do a general telephone business in Carlinville, Illinois, and its vicinity; that the capital stock of said corporation consisted of two hundred shares of stock of the par value of fifty dollars; that within a year prior to the time of filing his bill, he had purchased in good faith and for a valuable consideration fifty-four other shares of the capital stock of said corporation, which had been regularly and lawfully assigned to him by endorsement by the legal owner and holder thereof; that the control and management of the affairs of the corporation were vested in a board of directors; that Finch having purchased said shares and being the owner thereof made application to the said board of directors at a regular meeting to have formal transfer of such shares of stock so purchased made to him upon the books of the said corporation in order that the books might show him to be the owner and holder of such shares, but that the said board of directors refused to transfer such shares.

The bill in question was filed to compel the corporation, or its board of directors, to make such transfer. Answer was filed in which it was claimed that under the by-laws of the Telephone & Telegraph Company

certificates of stock could not be transferred without the consent of the president and a majority of the directors of such corporation, and that no such consent had ever been given, and upon the further ground that by a written interlineation in the printed form of the certificates of stock of the corporation, bought by said Finch, it was provided that the transfer could be made only by the consent of the directors, which in effect became a contract that in its terms prohibited such transfer except upon such consent and that such consent had never been given.

The cause was referred to a special master in chancery who took the evidence and reported it to the court, in which report such special master in chancery found the allegations of the bill to have been proven and that Finch was the owner of the stock in dispute and entitled to have transfer thereof made to him upon the books of the corporation. Objections and exceptions to the report were duly argued and upon hearing thereof the trial court sustained the special master's report, overruled the exceptions thereto and rendered a decree as prayed for in the bill. This appeal followed.

Upon the hearing it was admitted that there was at the time of the transfer a by-law of the corporation which contained the provision that stock could not be transferred without the consent of the president and a majority of the directors and by the evidence it was established that the printed form on which the certificates of stock were written, there was no reference made to such provision in the by-laws, but that the certificates for fifty of the fifty-four shares, bought by Finch and now in dispute, had interlined in them in ink a statement to the effect that they were transferable only "by the consent of the directors," while certificates for the remaining four shares of the fifty-four shares were without any interlineation upon the certificates as printed.

That a by-law of a corporation having for its object

the prohibition of the transfer of its stock or certificates therefor, without the assent of the president or the board of directors, would be in restraint of trade and therefore void, is a well-settled rule of law. McNulta v. Corn Belt Bank, 164 Ill. 427; Bank of Atchison Co. v. Durfee, 118 Mo. 431; Sargent v. The Franklin Ins. Co., 8 Pickering 90.

In the McNulta case, *supra,* the court say: "The right of a stockholder to sell and transfer his stock cannot be restrained by a by-law, which makes such sale and transfer subject to the consent of the directors, or refuses to permit the same unless the directors are satisfied."

Can there be, under the circumstances, any contract which by its terms would defeat Finch in his right to have the certificates transferred upon the books of the corporation? We think not.

Appellants cite the case of New England Trust Co. v. Abbott, Extr., 162 Mass. 148, in support of its claim and under it contend that even if the by-law be held void, still there may exist an agreement or contract the terms of which can be enforced to defeat a transfer of stock.

That case, however, we do not think is analogous to the one at bar. There the corporation filed its bill to compel Abbott, as executor, to transfer to it, certain shares of its stock held by deceased in his lifetime, on the ground that by the terms of a by-law deceased had, in common with all the other stockholders of the corporation, agreed to submit his stock for appraisement, at his death, to the corporation and that it should be transferred to the corporation at such appraisal. Also in that case each and every stockholder signed a receipt upon delivery of his certificate of stock in which he expressly stated that he received the same subject to the restriction therein referred to and to the by-laws of the corporation. All stockholders gave the same form of receipt and accepted certificates of

stock upon precisely the same terms, which arrangement had for its purpose the securing to the corporation the right to have the stock of all deceased members appraised and the further right to the corporation to purchase the stock of such deceased members at its appraisement. In the case before us the by-law did not have relation to deceased stockholders only and there is no claim that the limitation sought to be interposed related to all the stock of the corporation and was printed on all its certificates. It related to a part only of such certificates, so that while one owner of stock could sell his stock at will another could not sell his stock at all, except upon the consent of the directors.

The element of mutuality was wanting and the restriction claimed was an arbitrary one having no force as a contract.

The decree is affirmed.

*Affirmed.*